# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-21-29-2-F |
| ) | |
| MONICA ELIZABETH GALVAN-JACINTO, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Monica Elizabeth Galvan-Jacinto, proceeding *pro se*, has filed a motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and the "Zero Point Offender amendment," known as Amendment 821 (Part B, Subpart 1).[1] Doc. no. 91. Plaintiff United States of America has responded in opposition to the motion. Doc. no. 94. The matter is at issue.

Pursuant to a plea agreement, defendant pleaded guilty to Count 1 of the Superseding Information charging a conspiracy to possess with intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. § 846. The Probation Office prepared a presentence investigation report, which calculated defendant's base offense level at 34. Because defendant satisfied the requirements of U.S.S.G.[2] § 5C1.2 (safety-value guideline), defendant's offense level was decreased by two

---

[1] Because defendant is proceeding *pro se*, the court construes her filings liberally, but it does not act as her advocate. Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

[2] United States Sentencing Guidelines.

under U.S.S.G. § 2D1.1(b)(18). Applying a three-level downward adjustment for acceptance of responsibility, U.S.S.G. § 3E1.1, the total offense level was 29.

Based on her criminal history, defendant was assessed a criminal history score of one, establishing a criminal history category of I. With a total offense level of 29 and a criminal history category of I, defendant's advisory guideline imprisonment range was 87 to 108 months.

At sentencing, the court, upon defendant's objection, determined that a role reduction pursuant to U.S.S.G. § 3B1.2(b) was applicable. Defendant's base offense level was therefore reduced to 31. Defendant received a two-level safety value downward adjustment and a two-point downward adjustment for mitigated role and a three-level downward adjustment for acceptance of responsibility, resulting in a total offense level of 24. With a total offense level of 24 and a criminal history category of I, defendant's advisory guideline imprisonment range was 51 to 63 months. The court then varied downward and sentenced defendant to a term of imprisonment of 36 months. Judgment was entered on July 11, 2022. Defendant did not file a direct appeal.

In her motion, defendant requests that her sentence be reduced "in light of the Zero-Point Offender amendment." Doc. no. 91, ECF p. 1. Amendment 821 (Part B, Subpart 1), effective November 1, 2023, creates a new U.S.S.G. § 4C1.1 that provides for a decrease of two offense levels for certain offenders with zero criminal history points.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Congress has provided a few exceptions to this rule. One such exception is "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In such a case,

the court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with applicable policy statements of the Sentencing Commission. *Id*.

The court follows a two-step process in considering defendant's § 3582(c)(2) motion. *See*, United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013). The court first determines whether defendant is eligible for a sentence reduction and the extent of the authorized reduction. If the reduction is authorized, the court may consider any applicable 18 U.S.C. § 3553(a) factors and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*. (quotation marks and citation omitted).

Upon review of the parties' submissions and the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 (doc. no. 92), the court finds that defendant is not eligible for a sentence reduction under Amendment 821 (Part B, Subpart 1). Specifically, defendant is not a zero-point offender, as she was assessed one criminal history point, based on her prior criminal history.

Accordingly, defendant Monica E. Galvan-Jacinto's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. no. 91) is **DISMISSED**.

IT IS SO ORDERED this 28th day of December, 2023.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0029p009 (Galvan-Jacinto).docx